```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA                                            :     92-CR-351 (ARR)
                                                                    :
                                                                    :     NOT FOR ELECTRONIC
         -against-                                                  :     OR PRINT PUBLICATION
                                                                    :
MICHAEL SESSA,                                                      :
                                                                    :     OPINION & ORDER
                                  Defendant.                        :
                                                                    :
------------------------------------------------------------------- X
```

ROSS, United States District Judge:

On June 26, 2020, defendant Michael Sessa filed a motion for compassionate release, urging me to reduce his sentence of life imprisonment to time served. I denied his motion the following month, finding that though Mr. Sessa had presented extraordinary and compelling reasons justifying his release, this evidence was outweighed by the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Sessa appealed my decision, and his appeal remains pending before the Second Circuit. In the meantime, he has filed a motion requesting that I reconsider my original order.[1]

When deciding a motion to reconsider in a criminal case, courts in this circuit generally apply "the Local Rule 6.3 standard for motions for reconsideration in civil cases." *United States v. Zedner*, No. 06-cr-717 (ADS), 2006 WL 6201757, at *3 (E.D.N.Y. Nov. 17, 2006) (citation and quotation marks omitted); *see also, e.g.*, *United States v. Reichberg*, No. 16-cr-468 (GHW), 2018

---

[1] In opposing this motion, the government first argues that, because my original decision is on appeal, I do not have jurisdiction over the motion for reconsideration. However, Federal Rule of Criminal Procedure 37(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion."

WL 6599465, at *8 (S.D.N.Y. Dec. 14, 2018). Under this standard, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States v. Almonte*, No. 14-cr-86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (quoting *Schrader v. CSX Trans. Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reichberg*, 2018 WL 6599465, at *8 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Though Mr. Sessa's submissions in support of the current motion are comprehensive, he points to just one relevant change in controlling law: *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), decided two months after my order denying his original motion. In *Brooker*, the Second Circuit held that courts deciding motions for compassionate release are not bound by the United States Sentencing Guidelines' definition of "extraordinary and compelling reasons" and are instead free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring." *Id.* at 237. But while *Brooker* offered clarity in this area of law, it does not affect my original decision. In my opinion denying Mr. Sessa's motion for compassionate release, I noted that some district courts deciding such motions made "'an independent assessment' of whether 'extraordinary and compelling reasons' for release [were] present, looking to the [Guidelines] only for 'guidance'" and proceeded to consider a reason justifying release not contemplated by the Guidelines definition—Mr. Sessa's efforts at rehabilitation. Ultimately, I concluded that Mr. Sessa's rehabilitation, combined with his serious medical conditions, *did* constitute extraordinary and compelling reasons for his release. Thus, in deciding Mr. Sessa's motion, I "consider[ed] the full slate of extraordinary and compelling reasons" he presented and did not confine my analysis

to those reasons outlined in the Guidelines, as *Brooker* instructs. *Brooker*'s later ratification of my approach does not provide grounds for reconsideration.

Because *Brooker* cannot "reasonably be expected to alter [my] conclusion," I deny Mr. Sessa's motion for reconsideration.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Allyne R. Ross
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:     March 31, 2022
           Brooklyn, New York

3