UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      -against-<br><br>MICHAEL SESSA,<br><br>                    *Defendant.* | 92-CR-351 (ARR)<br><br><u>NOT FOR ELECTRONIC</u><br><u>OR PRINT PUBLICATION</u><br><br>**OPINION & ORDER** |

ROSS, United States District Judge:

Defendant Michael Sessa has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This is Mr. Sessa's second such motion. *See* Def.'s Mot. for Release from Custody, June 26, 2020 ("First Mot."), ECF No. 1840; Def.'s Mot. to Reduce Sentence, July 7, 2023 ("Second Mot."), ECF No. 1928. For the reasons set forth below, I deny Mr. Sessa's motion.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed. Briefly, Mr. Sessa was convicted of eight offenses following a jury trial in 1992: (1) participating in the conduct of the Colombo organized crime family of La Cosa Nostra (the "Colombo Family") through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); (2) conspiring to participate in the conduct of the Colombo Family through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d); (3) conspiring to murder Anthony Coluccio ("Coluccio"), a Colombo Family associate, in violation of 18 U.S.C. § 1959(a)(5); (4) murdering Coluccio in violation of 18 U.S.C. § 1959(a)(1); (5) conspiring to murder members of the Columbo Family who were loyal to Victor Orena in violation of 18 U.S.C. § 1959(a)(5); (6) conspiring to make extortionate extensions of credit in violation of 18 U.S.C. § 892; (7) conspiring to make extortionate collections of credit in

violation of 18 U.S.C. § 894; and (8) using and carrying a firearm in connection with crimes of violence in violation of 18 U.S.C. § 924(c)(1). Op. & Order 3, Jan. 25, 2011, ECF No. 1773; Jury Verdict, Nov. 12, 1992; Presentence Investigation Report 3–4, ECF No. 1790.

Judge Weinstein sentenced Mr. Sessa to three terms of life imprisonment for the racketeering, racketeering conspiracy, and underlying murder counts; two terms of ten years' incarceration for the murder conspiracy counts; and two terms of twenty years' incarceration for the loansharking counts. Sentencing Tr., May 24, 1993 10:3–9, ECF No. 466. Those sentences ran concurrently. *Id.* at 10:8–9. Judge Weinstein also sentenced Mr. Sessa to an additional consecutive term of five years' incarceration for the firearm count. *Id.* at 10:10–13. In his sentencing memorandum and order, Judge Weinstein emphasized the "extraordinary" nature of the case, reasoning that the need to incapacitate Mr. Sessa and deter others from following in his footsteps required a life sentence. *United States v. Sessa*, 821 F. Supp. 870, 875 (E.D.N.Y 1993). Given the need for "[s]entences most severe," Judge Weinstein found the Sentencing Guidelines to be "of little assistance"; the fact that the Guidelines indeed required terms of life imprisonment demonstrated only "that appropriate sentences for th[is] unusual defendant[] coincide[d] with sentences meted out for those who have committed similar offenses in the past." *Id.*

Mr. Sessa first moved for compassionate release in June 2020, alleging that his health conditions and rehabilitation constituted extraordinary and compelling reasons for his immediate release. *See* First Mot. 1–2. I found that Mr. Sessa had presented extraordinary and compelling reasons for release but concluded that the factors outlined in 18 U.S.C. § 3553(a) outweighed these reasons. *See* Order Denying Mot. for Release from Custody 7, July 14, 2020 ("First Order"), ECF No. 1843. I subsequently denied Mr. Sessa's motion for reconsideration of this decision. *See* Order

Denying Mot. for Reconsideration, March 31, 2022, ECF No. 1895. This second motion for compassionate release followed.

The arguments in Mr. Sessa's second motion are largely duplicative of those in his first, but he points to the following as additional factors supporting compassionate release: (1) recent reductions in the sentences of his co-defendants; (2) the fact that the Sentencing Guidelines are no longer mandatory; and (3) forthcoming amendments to the Sentencing Guidelines. The government in turn asserts that (1) the releases of Mr. Sessa's co-defendants are distinguishable; (2) Judge Weinstein's sentence of Mr. Sessa did not depend on the Sentencing Guidelines; and (3) the forthcoming amendments, even if currently in effect, would not dictate a different result than my order denying Mr. Sessa's first motion. I agree with the government and deny Mr. Sessa's second motion for compassionate release.

## LEGAL STANDARD

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). A district court has broad discretion to grant such a motion when a defendant, having met an exhaustion requirement,[1] shows that "extraordinary and compelling reasons" warrant such a reduction, and that those reasons outweigh the factors set forth in 18 U.S.C. § 3553(a).[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). That discretion permits district courts

---

[1] The government agrees that Mr. Sessa has exhausted his administrative remedies. *See* Govt. Opp. 4 n.1, ECF No. 1935.

[2] The statute sets out a fourth requirement: that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But the Second Circuit has held that the policy statement governing compassionate release—U.S.S.G. § 1B1.13— "governs only motions brought by the director of the Bureau of Prisons, not those brought directly by inmates." *United States v. Keitt*, 21 F.4th 67, 71 n.2 (2d Cir. 2021).

"to consider the full slate of extraordinary and compelling reasons that an imprisoned person" might offer, with only the limitation that "'[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Brooker*, 976 F.3d at 237–38 (quoting 28 U.S.C. § 994(t)).

Even if extraordinary and compelling reasons exist, they must outweigh the Section 3553(a) factors to warrant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
> (5) any pertinent [Sentencing Commission] policy statement . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## DISCUSSION

As an initial matter, I am skeptical of Mr. Sessa's argument that I should reaffirm my previous finding that his health conditions and rehabilitation constitute extraordinary and compelling reasons for compassionate release. *See* Second Mot. 5. Although I continue to commend Mr. Sessa's efforts at rehabilitation, my previous assessment of his health conditions in the context of the COVID-19 pandemic did not account for subsequent developments such as vaccines, which Mr. Sessa has received. *See* First Order 7–10; Govt. Opp., Ex. A, at 219, ECF No. 1935-2. Given that vaccines have "proven highly effective" in preventing death or serious illness

4

as a result of COVID-19, courts have held that the "'compelling circumstances' associated with COVID-19 risk factors dissipate after a defendant receives a vaccine." *United States v. Gilliam*, No. 08-CR-742 (AMD), 2021 WL 5013616, at *2 (E.D.N.Y. Oct. 28, 2021) (citing *United States v. Pabon*, No. 17-CR-312, 2021 WL 603269, at *3–4 (S.D.N.Y. Feb. 16, 2021) (collecting cases)). Mr. Sessa has not argued that his underlying conditions leave him uniquely vulnerable to COVID-19 despite his vaccination.

Even assuming that COVID-19 risk factors could still constitute extraordinary and compelling reasons when considered alongside other factors such as a defendant's rehabilitation, *see United States v. Russo*, No. 90-CR-1063, 2022 WL 17247005, at *5–6 (E.D.N.Y. Nov. 28, 2022), the Section 3553(a) factors still counsel against compassionate release. Mr. Sessa places great emphasis on the fact that two of his co-defendants, Joseph Monteleone and Anthony Russo, were recently granted compassionate release. But those cases differ from Mr. Sessa's in significant ways, such that denying Mr. Sessa's motion would not create "unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

My decision to grant Mr. Monteleone compassionate release turned largely on his age and health conditions, some of which required high-risk surgery; these factors both constituted extraordinary and compelling reasons for release and indicated that further incarceration was not needed to protect the public from further crimes. *United States v. Monteleone*, No. 92-CR-351 (ARR), 2023 WL 2857559, at *4–5 (E.D.N.Y. Apr. 10, 2023); *see* 18 U.S.C. § 3553(a)(2)(C). Mr. Sessa's health conditions are not as severe, *see* First Order 8 , and, as discussed, they weigh less heavily given Mr. Sessa's vaccination against COVID-19.

Judge Block's decision to grant Mr. Russo compassionate release, meanwhile, was motivated in part by the fact that the judge who sentenced Mr. Russo was constrained by the then-

mandatory Sentencing Guidelines. *Russo*, 2022 WL 17247005, at *6. Judge Weinstein's sentencing memorandum, by contrast, left no doubt that he would have imposed the same sentences on Mr. Sessa even absent any Sentencing Guidelines. *See Sessa*, 821 F. Supp. at 875.

By that same logic, Mr. Sessa's new argument regarding the advisory nature of the Sentencing Guidelines is unavailing. It is true that a district court adjudicating a motion for a reduction in sentence "may consider other intervening changes of law (such as changes to the Sentencing Guidelines)." *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022); *see also United States v. Santos*, No. 01-CR-537 (ARR), 2022 WL 4325520, at *4 (E.D.N.Y. Sept. 19, 2022) (discussing the applicability of *Concepcion*'s holding to motions for compassionate release). But the fact that the Sentencing Guidelines are no longer mandatory is not significant here, where the sentencing judge expressly deemed the Guidelines to be "of little assistance" given the "extraordinary" nature of the defendant's crimes. *Sessa*, 821 F. Supp. at 875.

For the same reasons stated in my order denying Mr. Sessa's first motion for compassionate release, I find that any evidence of extraordinary and compelling reasons for release is outweighed by the nature and circumstances of his offenses; his history and characteristics; and the need for his sentence to reflect the seriousness of his offense, promote respect for the law, and provide just punishment for his offense. 18 U.S.C. § 3553(a); *see* First Order 9–12. Proposed amendments to the Sentencing Guidelines, although not yet in effect, would not change my analysis: My order denying Mr. Sessa's first motion was "not confine[d] . . . to those reasons outlined" in the then-governing Guidelines, but rather "consider[ed] the full slate of extraordinary and compelling reasons" that Mr. Sessa presented. Order Denying Mot. for Reconsideration, March 21, 2022, 2–3, ECF No. 1895.

**CONCLUSION**

For the reasons set forth above, Mr. Sessa's motion for compassionate release is again denied.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated:          September 8, 2023
                Brooklyn, New York