UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                 **OPINION & ORDER**
                                                                                      92-CR-351 (ARR)

                -against-

MICHAEL SESSA,

                                        Defendant.
------------------------------------------------------------------------X
**ROSS, United States District Judge:**

        Defendant, Michael Sessa, who is currently serving a life sentence, moves pro se for a third time to reduce his sentence to time served due to "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(A)(i).  (Def.'s Mot. for Sentence Reduction, June 17, 2025 ("Third Mot."), ECF No. 1981).  For the foregoing reasons, Mr. Sessa's motion is respectfully denied.

## I.    BACKGROUND

        The history of this case is set forth in detail in my previous opinions.  (See Op. & Order, Jan. 25, 2011 ("2011 Op. & Order"), ECF No. 1773; Op. & Order, June 14, 2020 ("2020 Op. & Order"), ECF No. 1843; Op. & Order, Sept. 8, 2023 ("2023 Op. & Order"), ECF No. 1942.)  I briefly recite only those facts that are relevant to the instant motion.

### A.  Conviction & Sentence

        The charges against Mr. Sessa arose from his involvement with the Colombo organized crime "family" [1] between approximately 1985 and 1992, including during the internal "war" for control of the family that broke out in 1991.  (2011 Op. & Order at 8–9.)  On July 7, 1992, a grand

---

[1] The Colombo family is one of several families comprising La Cosa Nostra—commonly referred to as the Mafia.  (2020 Op. & Order at 2 n.2.)

jury returned an indictment charging Mr. Sessa with the following eight counts: one count of racketeering, 18 U.S.C. § 1962(c); one count of racketeering conspiracy, 18 U.S.C. § 1962(d); two counts of conspiracy to murder-in-aid-of racketeering, 18 U.S.C. § 1959(a)(5); one count of murder-in-aid-of racketeering, 18 U.S.C. 1959(a)(1); two counts of conspiracy to make extortionate use of credit (aka "loansharking"), 18 U.S.C. §§ 892(a) and 894(a); and one count of using a firearm in connection with crimes of violence, 18 U.S.C. § 924(c). (Superseding Indict., ECF No. 38.)  After a two-week jury trial before the Honorable Jack Weinstein, Mr. Sessa was convicted of all eight counts. (2011 Op. & Order at 3.)

On May 23, 1993, Judge Weinstein sentenced Mr. Sessa to three terms life imprisonment on the racketeering count and murder counts, two ten-year terms on the murder conspiracy counts, and two twenty-year terms for the loansharking counts, all of which were to run concurrently, along with a consecutive term of five years on the firearm count. (2020 Op. & Order at 2.)  That same day, Judge Weinstein also sentenced two of Mr. Sessa's co-defendants, Victor Orena and Pasquale Amato, to life terms. (See United States v. Sessa, 821 F. Supp. 870 (E.D.N.Y. 1993) (docketed at ECF No. 517).)  In a written memorandum concerning all three defendants, Judge Weinstein explained in no uncertain terms his reasons for imposing such harsh sentences:

> The evidence in this case and other cases tried in this court proves beyond any doubt that these defendants will not abandon their criminal activities and mob membership upon release from incarceration. They will try to participate in gang activities from prison. No matter how aged or infirm, they will continue to represent serious dangers to the community.

821 F. Supp. at 873.  Mr. Sessa appealed his conviction and his sentence, both of which were summarily affirmed by the Second Circuit. United States v. Sessa, 41 F.3d 1501 (2d Cir. 1994) (table).

To date, Mr. Sessa has served thirty-three years of his sentence and remains incarcerated at the Federal Correctional Institution, Lewisburg ("F.C.I. Lewisburg") in Pennsylvania.[2] He is sixty-five years old.

### B. Previous Motions

Mr. Sessa previously moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on two occasions. Mr. Sessa first sought a sentence reduction in June 2020, arguing that in the context of the COVID-19 pandemic, his health conditions and rehabilitation constituted extraordinary and compelling reasons. (Def.'s Mot. to Reduce Sentence, June 16, 2020 ("First Mot."), ECF No. 1840, at 1–2.) While I found that Mr. Sessa had demonstrated an increased vulnerability to COVID-19 complications compared to the general prison population, I denied the motion based on my conclusion that the risks to his health were outweighed by the sentencing factors set forth in 18 U.S.C. § 3553(a). (2020 Op. & Order at 9–11.) Mr. Sessa moved for reconsideration of my decision based on an intervening decision, United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), in which the Second Circuit clarified that courts were not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines, id. at 237. (Mot. for Reconsideration, ECF No. 1880, at 3.) Because Brooker had no bearing on my analysis, I denied Mr. Sessa's motion for reconsideration. (2022 Op. & Order, ECF No. 1895, at 3.)

Mr. Sessa filed a second motion for sentence reduction in July 2023. (Def.'s Mot. to Reduce Sentence, July 7, 2023) ("Sec. Mot."), ECF No. 1928.) In his second motion, Mr. Sessa restated the factors set forth in his first motion and argued that recent developments in the case law

---

[2] The name of the facility in which Mr. Sessa resides was changed from U.S. Penitentiary ("U.S.P.") Lewisburg in March, 2024. Press Release, Fed. Bureau of Prisons, Name Changes Approved for Seven FBOP Facilities (Apr. 4, 2024).

further supported his immediate release. (Id. at 5–6.) Mr. Sessa highlighted a long list of recent cases in which defendants convicted of similar conduct and/or serving similar sentences were released early. (Id. at 12–20.) Mr. Sessa gave special emphasis to his co-defendants Anthony Russo and Joseph Monteleone, whose life sentences had been reduced to time-served in the intervening years. (Id. at 20–22; see United States v. Russo, 493 F. Supp. 3d 325 (E.D.N.Y. 2022) (docketed at ECF No. 1907); United States v. Monteleone, No. 92-CR-351, 2023 WL 2857559 (E.D.N.Y. Apr. 10, 2023) (docketed at ECF No. 1921).) Mr. Sessa argued, inter alia, that denying his motion when his co-defendants had been released would result in an unwarranted disparity. (Sec. Mot. at 24–28.)

I denied Mr. Sessa's second motion for the same reasons I denied the first, and concluded that "any evidence of extraordinary and compelling reasons for release [was] outweighed by the nature and circumstances of his offenses, his history and characteristics, and the need for his sentence to reflect the seriousness of his offenses[.]" (2023 Op. & Order at 6.) As to the "disparity" between Mr. Sessa and his co-defendants, I explained that "those cases differ[ed] from Mr. Sessa's in significant ways, such that denying Mr. Sessa's motion [did] not create 'unwarranted sentencing disparities'" within the meaning of 18 U.S.C. § 3553(a)(6). (Id. at 5.)

Mr. Sessa filed a notice of appeal and sought leave to appeal in forma pauperis. (Def.'s Mot. for Leave to Appeal In Forma Pauperis, ECF No. 1944; see Notice of Appeal, United States v. Orena, No. 23-7133 (2d Cir. Sept. 11, 2023).) Mr. Sessa's application to proceed in forma pauperis was denied and the appeal was dismissed. (See Mandate of U.S. Court of Appeals, July 26, 2024 ECF No. 1971.) After I denied Mr. Sessa's second motion, I received approximately fourteen letters from his friends and family expressing outrage and disappointment about my decision. (See, ECF Nos. 1947–1970, 1974.)

4

### C. Instant Motion

On August 15, 2024, Mr. Sessa sent a request to the warden of F.C.I. Lewisburg seeking compassionate release and listing five reasons. (Third Mot. at 6; id., Ex. 5 (copy of request marked as "received").) Mr. Sessa did not receive a response within thirty days. (Third Mot. at 6.) Mr. Sessa proceeded to file the instant motion, on a pro se basis, on June 5, 2025. (Id. at 64.) In the motion, Mr. Sessa offers the following factors as "extraordinary and compelling reasons" for a sentence reduction:

> (A) Unusually Long Sentence; (B) Imminent Risk of Being Infected by an Infectious Disease; (C) Age of Defendant, (D) Other Reasons, and Mr. Sessa's Remarkable Post-Conviction Rehabilitation.

(Id. at 2–3.) In weighing those reasons against the § 3553(a) factors, Mr. Sessa urges me to consider, inter alia, his post-sentencing conduct, the numerous letters of support filed on his behalf, the early release of many of his co-defendants, and the likelihood that Judge Weinstein would not have imposed a life sentence if defendant had been sentenced today. (Id. at 44–45, 54, 58–60.)

The government filed its response in opposition to Mr. Sessa's third motion on December 1, 2025. (Gov't Resp. in Opp'n to Def.'s Mot. for Sentence Reduction ("Gov't Opp'n"), ECF No. 1987.) Mr. Sessa did not file a timely reply.

## I.   LEGAL STANDARD

"Section 3582(c)(1)(A), as amended by the First Step Act of 2018, allows courts to reduce a defendant's sentence upon a motion of either the Director of the BOP or the defendant." United States v. Johnson, 671 F. Supp. 3d 265, 270 (E.D.N.Y. 2023). The statute provides that, once a defendant has "fully exhausted all administrative rights," the Court may reduce his sentence if, "after considering the factors set forth in [18 U.S.C. §] 3553(a)," the Court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is

consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(a)(i).  The Sentencing Commission's interpretation of the phrase "extraordinary and compelling reasons" is contained in section 1B1.13 of the U.S. Sentencing Guidelines ("U.S.S.G."), Brooker, 976 F.3d at 232–33, which was revised in 2023 by Amendment 814. See United States v. Andrews, 705 F. Supp. 3d 142, 148–150 (S.D.N.Y. 2023), aff'd, No. 23-8046, 2025 WL 2938044 (2d Cir. Oct. 16, 2025).  However, as the Second Circuit explained in Brooker, district courts are not limited by the definition of "extraordinary and compelling reasons" set forth in section 1B1.13.  976 F.3d at 237.  "[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." Id.

"Even if 'extraordinary and compelling' circumstances exist, [] the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Section 3553(a) lists "numerous factors," including:

> "[T]he nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to provide the defendant with . . . correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (quoting 18 U.S.C. § 3553(a)); see also United States v. Aguiar, 735 F. Supp. 3d 136, 141 (E.D.N.Y. 2024) (listing other factors).  The Second Circuit has explained that, while section 3582(c)(1)(a) "permits a district court to end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent," appellate review is "aided considerably when the district court . . . also analyzes the

§ 3553(a) factors—particularly in those cases where it is a close call whether extraordinary and compelling circumstances exist." Jones, 17 F.4th at 374.

## II.    DISCUSSION

### A. **Mr. Sessa has not demonstrated extraordinary and compelling circumstances.**

Mr. Sessa's third motion lists five factors that he argues, when taken together, constitute "extraordinary and compelling reasons" for reducing his sentence to timed served. (Third Mot. at 9.) Even considering those factors cumulatively, I disagree.

To start, I do not believe that the COVID-19 virus currently poses an extraordinary risk to Mr. Sessa. While Mr. Sessa has several chronic health conditions, including hypertension and high cholesterol, that may increase the risk of complication from a respiratory infection, the risk of COVID-19 has diminished significantly since July 2020, when I adjudicated Mr. Sessa's first motion. (See id. at 18 (listing health conditions); 2020 Op. & Order at 7.) Given the availability of effective vaccination and the end of the public health emergency, I find the risk of COVID-19 infection does not currently constitute an extraordinary and compelling reason for Mr. Sessa's immediate release. See United States v. Delgado, 582 F. Supp. 3d 136, 140 (S.D.N.Y. 2022) ("Although vaccinated individuals remain vulnerable to new COVID-19 infection and variants, any risk that [a defendant] may become severely ill from COVID-19 has been significantly reduced."). Further, aside from unspecific deterioration related to "the aging process," Mr. Sessa has not provided evidence of any new health risks that have arisen since I denied his previous motion. (Third Mot. at 18.) While I do not doubt that Mr. Sessa's physical health has been affected by aging, I see no basis to conclude that such deterioration has been "serious" or left him with medical conditions that "substantially diminish[]" his ability to "provide self-care" in prison. See U.S.S.G. § 1B1.13(b)(1)–(2).

7

I turn next to the length of Mr. Sessa's sentence, which he argues is "unusually long" and "excessive." (See Third Mot. at 9 (citing U.S.S.G. § 1B1.13(b)(6).) At the outset, I agree with the government that this factor is unchanged since I last rejected Mr. Sessa's motion and there has not been any intervening change in the law. (See Gov't Opp'n at 8.) While Mr. Sessa's sentence is undoubtedly long, I am not convinced that it is unusually or unduly so, given the conduct for which Mr. Sessa was sentenced. As Judge Weinstein explained at sentencing, Mr. Sessa's is an "extraordinary" case involving "unusual defendants" for which the guidelines are of "little assistance." Sessa, 821 F. Supp. at 875. The sentence imposed reflects not only the specific "unit" offenses for which Mr. Sessa was convicted, but also the broader context in which he operated. Id. As a leading member of the Colombo family, he "participated in the full range of crimes attributed to the mob[]." Id. at 872. Mr. Sessa's motion makes no effort to square the length of his sentence with that unusual context. Similarly, when comparing his sentence to those of other defendants sentenced by Judge Weinstein, Mr. Sessa repeatedly neglects to address important contextual differences. With respect to the thirteen-and-a-half year sentence imposed on defendant Nicholas Corozzo, for example, Mr. Sessa fails to acknowledge that Corozzo accepted responsibility for his crimes and entered a conditional plea that set the sentencing range between twelve and fifteen years. United States v. Corozzo, No. 08-CR-76, 2009 WL 1470967 at *2 (E.D.N.Y. May 1, 2009). In any case, regardless of whether Judge Weinstein would have imposed the same sentence today, *I* do not find Mr. Sessa's sentence unduly harsh in light of trial record, which I have thoroughly reviewed. (See 2011 Op. & Order at 9–31.)

Finally, while I continue to commend Mr. Sessa's efforts towards rehabilitation, I cannot conclude that such efforts establish extraordinary and compelling circumstances, even in

conjunction with the other factors I have just discussed. (See Third Mot. at 24–31; 2023 Op. & Order at 4.)

### B. The section 3553(a) sentencing factors do not support compassionate release.

Having concluded that extraordinary and compelling reasons are absent, I need not assess whether the section 3553(a) sentencing factors weigh against compassionate release. Jones, 17 F.4th at 374. However, even if Mr. Sessa had demonstrated extraordinary and compelling reasons, I would find that consideration of the sentencing factors would militate against a sentence reduction. My reasoning is set forth in the previous orders in which I reached the same conclusion. (See 2020 Op. & Order at 9–12; 2023 Op. & Order at 6.)

Of central importance is the nature and circumstances of Mr. Sessa's multiple brutal offenses, which he committed while occupying a leadership role in the Colombo family. As I previously explained, the conduct of Mr. Sessa and his co-defendants was "extremely serious, violent, and harmful not only to their immediate victims, but also to the communities in which [the] perpetrators operate[d]." (2020 Op. & Order at 10.) I agree with Judge Weinstein that an unusually lengthy sentence is necessary to reflect the seriousness of Mr. Sessa's offense conduct and provide just punishment. Sessa, 821 F. Supp. at 875.

In arguing that his sentence is longer than necessary to provide for just punishment, Mr. Sessa identifies numerous defendants who served shorter sentences after being convicted of similar offenses. (See Third Mot. at 46–54.) Having reviewed the factual details of those cases, my previous conclusion remains unchanged. (See 2020 Op. and Order at 10.) In short, Mr. Sessa's examples do not demonstrate "unwarranted sentencing disparities," 18 U.S.C. § 3553(a)(6), because they are not factually analogous. (See, e.g., 2023 Op. & Order 5–6 (differentiating this case from United States v. Russo, 643 F. Supp. 3d 325 (E.D.N.Y. 2022).) Indeed, the closest

9

factual analogue, Mr. Sessa's co-defendant Victor Orena, remains serving a life term after failing to obtain compassionate release. See United States v. Amato, 48 F.4th 61 (2d Cir. 2022) (per curiam) (affirming denial of defendant Orena's compassionate release motion); United States v. Orena, 145 F.4th 304 (2d Cir. 2025) (denying defendant Orena's motion for resentencing).

There are several mitigating factors that weigh in favor of a sentence reduction, including Mr. Sessa's advanced age and impressive record of participation in BOP programming. (See Third Mot. at 45, 61–63.) These factors are consistent with a reduced risk of recidivism and, relatedly, a reduction in danger to the public. See United States v. Johnson, 754 F. Supp. 3d 305, 317 (E.D.N.Y. 2024) ("It is well-established that the likelihood of recidivism drops sharply with age."); id. at 314 (discussing participation in BOP programming as evidence of rehabilitation). These mitigating factors, however, do not outweigh the overwhelming reasons for continued incarceration.

## CONCLUSION

For the foregoing reasons, Mr. Sessa's third motion for compassionate release is denied.

**SO ORDERED.**

Dated:   January 2, 2026
         Brooklyn, New York

/s/
Allyne R. Ross
United States District Judge